IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA

v.

DONOVAN JUDE ANDREWS (04)

NO. 3:23-CR-067-K

## FACTUAL RESUME

In support of Donovan Jude Andrew's plea of guilty to the offense in Count One and Count Three of the Superseding Indictment, Donovan Jude Andrews, the defendant, Kristen Beckman, the defendant's attorney, and the United States of America (the government) stipulate and agree to the following:

### Elements of the Offense

To prove the offense alleged in Count One of the Superseding Indictment, charging a violation of 21 U.S.C. § 846, that is, conspiracy to possess with the intent to distribute a Schedule II controlled substance, the government must prove each of the following elements beyond a reasonable doubt:

*First:* That two or more persons, directly or indirectly, reached an agreement to possess with the intent to distribute and to distribute 40 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide (fentanyl), a Schedule II controlled substance;

*Second:* That the defendant knew the unlawful purpose of the agreement; and

*Third:* That the defendant joined in the agreement willfully, that is, with the intent to further its unlawful purpose.

To prove the offense alleged in Count Three of the Superseding Indictment, charging a violation of 21 U.S.C. § 859, that is, distribution of a controlled substance to a person under 21 years of age, the government must prove each of the following elements beyond a reasonable doubt:

*First:* The defendant knowingly delivered a mixture or substance containing a detectable amount of N-phenyl-N- [1- (2-phenylethyl) -4-piperidinyl] propenamide (fentanyl), a Schedule II controlled substance to an underage person;

*Second:* That the defendant knew that it was a controlled substance or some other prohibited drug;

*Third:* The defendant was at least eighteen years of age; and

*Fourth:* The underage person was under twenty-one years of age.

### Stipulated Facts

Beginning in or about November 2022 and continuing until March 1, 2023, in the Dallas Division of the Northern District of Texas and elsewhere, the defendant, Donovan Jude Andrews and other persons both known and unknown to him, agreed to and engaged in the distribution of quantities of a mixture or substance containing a detectible amount of N-phenyl-N- [1- (2-phenylethyl) -4-piperidinyl] propenamide (fentanyl), a Schedule II controlled substance.

Andrews admits that beginning in approximately November 2022, he, codefendant Stephen Paul Brinson and others conspired in the Northern District of Texas and elsewhere and distributed quantities of counterfeit round blue pills with "M30" imprinted on one side to numerous customers including minors. These pills contained a fentanyl powder mix and are commonly referred to as "percs," "yerks" and "M30s" by customers

who recreationally ingest the pills.

Andrews admits and acknowledges that during the period the conspiracy was ongoing, after acquiring counterfeit "M30" pills containing fentanyl from Brinson, he distributed the pills to multiple customers including minors. Andrews utilized an Instagram account ("deegetbandz_3") and other instant messaging applications to discuss, negotiate and facilitate drug transactions with customers. Andrews admits that in February 2023, he used his Instagram account to post the following message relating to the overdose deaths and hospitalization of multiple Carrollton students:





Andrews admits and acknowledges that he distributed counterfeit "M30" pills to multiple customers on the street outside of his residence in Carrollton, Texas. Andrews further admits that on occasion, he utilized a "cash app" on his cell phone to collect drug proceeds from customers after distributing counterfeit "M30" pills.

Andrews admits that one of the juveniles that he distributed "M30" pills to ~~on multiple occasions was~~ [handwritten: Donovan Andrew was] a 14-year-old middle school student named G.L. Specifically, Andrews admits that on or about February 20, 2023, he distributed five "M30" pills containing a detectible amount of N-phenyl-N- [1- (2-phenylethyl) -4-piperidinyl] propenamide (fentanyl), a Schedule II controlled substance to G.L. by placing the counterfeit pills in G.L.'s parent's mailbox at their home in Carrollton, Texas, in exchange for payment collected on a "cash app." Andrews admits that at the time of this event, he was over the age of eighteen years old, and he knew that G.L. (a minor) was under the age of twenty-one.

Andrews admits that the overall scope of the conspiracy exceeded 40 grams of a mixture or substance containing a detectible amount of N-phenyl-N- [1- (2-phenylethyl) - 4-piperidinyl] propenamide (fentanyl), a Schedule II controlled substance and Andrews stipulates that the government can prove that he personally distributed or possessed with intent to distribute a total of approximately 425 counterfeit "M30" pills.

Andrews admits and acknowledges that beginning in or about November 2022 and continuing thereafter until March 1, 2023, in the Dallas Division of the Northern District of Texas and elsewhere, he, and other coconspirators both named and not named in the superseding indictment did knowingly, intentionally and unlawfully combine, conspire,

confederate, and agree together, with each other and with other persons both known and unknown, to commit certain offenses against the United States, to-wit: to possess with the intent to distribute and to distribute 40 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N- [1- (2-phenylethyl) -4-piperidinyl] propenamide (fentanyl), a Schedule II controlled substance.

Andrews agrees that he committed all the essential elements of the offense in Count One and Count Three of the Superseding Indictment and that the offense(s) described occurred in the Northern District of Texas, and elsewhere. The defendant further admits he understands this factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Counts One and Three of the Superseding Indictment.

**NOTHING FURTHER ON THIS PAGE**

AGREED TO AND STIPULATED on this 24 day of April, 2023.

LEIGHA SIMONTON
UNITED STATES ATTORNEY

_____
RICK CALVERT
Assistant United States Attorney
Texas State Bar No. 03669700
1100 Commerce St., Suite 300
Dallas, Texas 75242
Telephone: 214-659-8600
Email: rick.calvert@usdoj.gov

_____        04/24/23
DONOVAN JUDE ANDREWS                   Date
Defendant

_____        04/24/23
KRISTEN BECKMAN                        Date
Attorney For Defendant

Factual Resume—Page 6